1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE LISANDRO PINEDA,<br><br>                                        Plaintiff,<br><br>v.<br><br>CHRISTOPHER LA ROSE; et al.,<br><br>                                        Defendants. | Case No.:  25-cv-3535-BJC-AHG<br><br>**ORDER SETTING BRIEFING SCHEDULE ON PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS AND PROHIBITING TRANSFER OF PETITIONER [ECF NO. 1]** |

On December 11, 2025, Petitioner Jose Lisandro Pineda, a citizen of El Salvador, filed a Petition for Writ of Habeas Corpus seeking his release from detention at the Otay Mesa Detention Center.  ECF No. 1.  Petitioner has been in the United States since 1999, has held Temporary Protected Status since 2001, and is the father of two United States citizen children, ages 12 and 15. He alleges he has been in the custody of the Department of Homeland Security since he was detained on November 2, 2025.

Petitioner requests the Court: (1) Assume jurisdiction over this matter pursuant to 28 U.S.C. §§ 2241 and 1331; (2) Order Respondents to refrain from transferring Petitioner outside this District while this habeas action is pending, so as to preserve the Court's jurisdiction and the availability of effective relief; (3) Issue an Order to Show Cause within three days under 28 U.S.C. § 2243, requiring Respondents to identify and justify the

1

1  statutory authority for Petitioner's continued detention; (4) Declare that Petitioner is not

2  lawfully detained under INA § 235(b) and that, to the extent DHS continues to detain him,

3  such custody must proceed under INA § 236(a); (5) Declare that Respondents' continued

4  detention of Petitioner without any meaningful opportunity to seek release violates the

5  Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment; (6)

6  Issue a Writ of Habeas Corpus ordering Petitioner's immediate release, or, in the

7  alternative, order an individualized bond hearing under INA § 236(a) before a neutral and

8  impartial Immigration Judge, consistent with *Matter of Guerra*, 24 I&N Dec. 37 (BIA

9  2006), at which (a) the Government bears the burden of proving by clear and convincing

10 evidence that continued detention is necessary, and (b) the adjudicator must consider

11 alternatives to detention and Petitioner's ability to pay any bond imposed; (7) Grant such

12 other and further relief as the Court deems just and proper.

13    Respondents shall file a response to the Petition for Writ of Habeas Corpus **no later**

14 **than close of business on December 19, 2025**.  Petitioner may file a traverse **no later**

15 **than close of business on December 26, 2025**.  To maintain the status quo, Respondents,

16 their officers, agents, servants, employees, attorneys, and other persons who act in concert

17 or participation with Respondents **MUST NOT** transfer Petitioner outside of the Southern

18 District of California pending the Court's resolution of the Petition.  *See Doe v. Bondi*,

19 Case No.: 25-cv-805-BJC-JLB, 2025 WL 1870979 at *1 (S.D. Cal. June 11, 2025)

20 ("Federal courts retain jurisdiction to preserve the status quo while determining whether

21 [they have] subject matter jurisdiction over a case and while a petition is pending resolution

22 from the court.") (collecting cases).

23    **IT IS SO ORDERED**.

24 Dated:  December 12, 2025

26    Honorable Benjamin J. Cheeks
   United States District Judge

2

25-cv-3535-BJC-AHG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

25-cv-3535-BJC-AHG